IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CV 292

| | |
|---|---|
| SARA E. WILLIS and BRIAN WILLIS, | )<br>) |
| Plaintiffs, | )<br>) |
| V. | )     ORDER<br>) |
| CLEVELAND COUNTY, *sub nom.* NORTH CAROLINA, CLEVELAND COUNTY PUBLIC HEALTH DEPARTMENT / ANIMAL CONTROL SERVICES DIVISION; **BRIAN EPLEY,** in his official capacity (only) as the Manager of Cleveland County; **DOROTHEA WYANT**, individually, and in her official capacity as "Health Director" of the Cleveland County Health Department; **SAM LOCKRIDGE,** individually, and in his official capacity as the former Cleveland County General Services Director and Supervisor of the Cleveland County Animal Control Division, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Court on Plaintiff's Motion to Compel Disclosures and Discovery from Defendants Cleveland County, Brian Epley, and Dorothea Wyant (Doc. 31) ("Motion to Compel").

On January 21, 2020, the undersigned conducted a hearing on the Motion to Compel. Attorney Bill Moore appeared for Plaintiff, attorney Grant Osborne appeared for Defendants Cleveland County, Brian Epley, and Dorothea Wyant (collectively, "County Defendants"), and attorney Sam Craig

1

appeared for Defendant Sam Lockridge ("Lockridge"). The undersigned has also closely reviewed the parties' briefing and related documents.

## I. The Issues in Dispute

Plaintiff's Motion to Compel lists numerous disputed topics. In light of the parties' subsequent briefing and oral argument though, it appears that the primary issues in dispute are the following:

### A. Investigative Materials

Plaintiff requests that the County Defendants be ordered to produce approximately 95 pages of documents that relate to the County's investigation of Plaintiff's claims of harassment by Lockridge.[1]

Similarly, Plaintiff requests that the County Defendants be directed to disclose the names and contact information for all persons who were interviewed in connection with the County's investigation of Plaintiff's complaint of harassment.

---

[1] The County Defendants advise that copies of some of these documents also appear in certain of the personnel files at issue. Though there were previous disputes between the County Defendants and Plaintiff regarding the production of the personnel files, those disputes appear to have been resolved. The County Defendants' objections to producing the investigative materials are based on the attorney client privilege and/or work product doctrine. The County Defendants do not object to the production of this information based on North Carolina statutory law governing personnel documents.

2

Plaintiff also requests that she be allowed to re-open the deposition of the County's Human Resources Director Allison Mauney and Defendant Dorothea Wyant.

### B. Sanctions

Plaintiff asks the Court to impose sanctions against the County Defendants pursuant to Rule 37 of the Federal Rules of Civil Procedure for an alleged pattern of making improper discovery responses and/or objections throughout this case.

The County Defendants also ask the Court to consider sanctions against Plaintiff on the basis that Plaintiff did not confer with the County Defendants regarding these Defendants' failure to produce certain discovery before including that issue as a topic of the Motion to Compel.

## II. Discussion

### A. Timeliness of the Motion

#### 1. Progress of Discovery

A Pretrial Order and Case Management Plan (Doc. 17) ("Pretrial Order") was entered on February 6, 2019 and established the following deadlines:

- Plaintiff's expert reports April 7, 2019
- Defendant's expert reports May 7, 2019
- Discovery November 11, 2019
- Mediation November 27, 2019
- Dispositive Motions December 11, 2019
- Trial May 11, 2020 term

The County Defendants served their Initial Disclosures on February 15, 2019.

Some months later, on July 3, 2019, Plaintiff served her First Set of Interrogatories and Requests for Production of Documents ("First Discovery Requests") on the County Defendants. The County Defendants responded on August 12, 2019. Plaintiff then raised objections in a letter dated September 12, 2019, and the County Defendants served supplemental responses on or about September 19, 2019.

On October 4, 2019, Plaintiff served her Second Set of Interrogatories and Requests for Production of Documents ("Second Discovery Requests") on the County Defendants and, on October 8, 2019, served a First Set of Interrogatories and Requests for Production of Documents ("First Discovery Requests/Wyant") on Defendant Wyant.

In a letter dated October 24, 2019, Plaintiff's counsel took issue with the County Defendants' positions on numerous issues, including their failure to produce documents identified in their initial disclosures and the County Defendants' responses to the First Discovery Requests.

November and December 2019 saw a flurry of activity, including production by the County Defendants of certain "public record information" regarding Wyant (November 1, 2019); the deposition of Wyant (November 5, 2019); service by Plaintiff of a document subpoena on HR Director Mauney

seeking investigation related documents (November 19, 2019); an objection to that subpoena (December 2, 2019); the beginning of the deposition of Mauney, service by the County Defendants of their second supplemental responses to Plaintiff's First Discovery Requests, and the County Defendants' realization that they had failed to serve responses to Plaintiff's Second Discovery Requests and Plaintiff's First Discovery Requests/Wyant (all on December 6, 2019); a mediated settlement conference (December 18, 2019); and the filing of Plaintiff's Motion to Compel and service of the County Defendants' third supplemental responses to Plaintiff's First Discovery Requests (both on December 23, 2019).

A good explanation has not been provided as to why such a significant amount of discovery was not completed earlier in the case.

### 2. The Discovery Deadline

The Court, upon motion, extended certain deadlines previously established by the Pretrial Order. See e.g., (Doc. 22) (County Defendants' expert designation deadline extended to June 4, 2019 and later August 3, 2019); (Doc. 29) (mediation deadline extended to December 18, 2019 and dispositive motions deadline extended to January 17, 2020).

The parties also agreed among themselves to conduct discovery beyond the deadline of November 11, 2019 as set by the Pretrial Order. On October 14, 2019, the parties filed a stipulation stating they had agreed to an extension of

5

the discovery deadline to November 22, 2019 (Doc. 27). Counsel apparently later agreed they would continue conducting discovery through December 23, 2019.[2]

At the hearing, Plaintiff argued that the Motion to Compel should be considered timely because Plaintiff relied on the parties' stipulated extension of the discovery deadline to December 23, 2019 and that Plaintiff's counsel made numerous efforts to resolve the subject disputes prior to that deadline. In addition, Plaintiff argued that even if the November 11, 2019 deadline controls, the Motion to Compel should nonetheless be considered timely because it seeks discovery that was due from the County Defendants by the November 11, 2019 deadline and that those requests should be enforced pursuant to the provisions of the Pretrial Order which advise that discovery requests requiring responses beyond the discovery deadline may be enforced by the Court upon a showing of "good cause." (Doc. 17) at 5.

The undersigned does not find these arguments to be sufficiently persuasive. Compliance with case management deadlines is necessary for the orderly development and disposition of civil matters and courts in this district have held that "a party must generally move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely."

---

[2] There is some indication that, more recently, counsel have discussed continuing discovery even further into 2020.

See,e.g., Murphy v. Auto Advantage, Inc., No. 1:11CV11, 2012 WL 28781, at *1 (W.D.N.C. Jan. 5, 2012) (citing Days Inn Worldwide, Inc. v. Sonia Invs., 237 F.R.D. 395, 397–98 (N.D.Tex.2006)); see also Rudolph v. Buncombe Cnty Gov't, No. 1:10cv203, 2011 WL 5326187 (W.D.N.C. Nov. 4, 2011); Greene v. Swain Cty. P'ship for Health, 342 F. Supp. 2d 442, 449 (W.D.N.C. 2004).

The Pretrial Order clearly advised the parties that the discovery period would end on November 11, 2019. While the parties did file a stipulation stating they had agreed to conduct discovery until November 22, 2019, that filing did not request a change of the discovery deadline by the Court. Similarly, the parties did not request that the Court extend the discovery deadline to December 23, 2019 or make any filings whatsoever (prior to the Motion to Compel) referencing their agreement to conduct discovery through that date.[3]

As for the County Defendants' responses to Plaintiff's Second Discovery Requests and her First Discovery Requests/Wyant, Plaintiff is correct that these requests were served just over one month prior to the close of discovery. It is not clear, however, that these requests sought, for the first time,

---

[3] Plaintiff's counsel states that he understood counsel for the County Defendants was going to make some type of filing in that regard. In any event, no filing was made by any party. A motion filed by the County Defendants on November 21, 2019 (Doc. 28) indicated that the County Defendants anticipated the taking of further depositions over the next 10-14 days but that motion pertained "solely as to Motions and Mediation deadlines."

information that is the subject of the Motion to Compel. By way of example, Request 10 in Plaintiff's First Discovery Requests sought various investigative reports and information associated with the County's investigation of Plaintiff's claim or any other claim made regarding Lockridge. In response, the County Defendants raised various objections. They also produced a privilege log which, in part, indicated that memoranda and notes regarding interviews that had been undertaken in conjunction with the County's investigation of Plaintiff's claims were being withheld based on alleged assertions of the attorney-client privilege, the work product doctrine, and North Carolina statutory law. Subsequent correspondence from Plaintiff's counsel dated October 24, 2019 took issue with the County Defendants' position, arguing that the privilege log was insufficient and that the County Defendants' reliance on a state statute was improper.

The undersigned expresses no opinion regarding the sufficiency of the County Defendants' discovery responses or the merits of either party's views regarding the County Defendants' basis for withholding the investigative documents. It is apparent, however, that Plaintiff had sufficient notice of the County Defendants' objections to producing the investigative materials such

that a motion to compel could have been filed in advance of the November 11, 2019 discovery deadline.[4]

Accordingly, the undersigned concludes that the Motion to Compel should be denied as untimely.[5] Likewise, the undersigned finds that no sanctions or expenses should be taxed against either party in connection with the Motion to Compel.

A brief word regarding cooperation among counsel is also in order. As discussed during the hearing, the applicable procedural and ethical rules, as well as the long-standing traditions of the Bar of this Court, require and encourage attorneys to be professional, courteous, and appropriately cooperative in dealing with opposing counsel, and to attempt to resolve discovery and other disputes among themselves and without court intervention. It is clear to the undersigned that this matter is hotly contested, and that counsel have been zealously advocating for their respective clients. It also appears that, though their efforts have been successful at some times more

---

[4] While the County Defendants admit that they failed to meet the deadlines for responding to Plaintiff's Second Discovery Requests and First Discovery Requests/Wyant, Plaintiff did not raise the issue promptly thereafter and did not respond in early December when Defendants themselves realized they had failed to produce these materials. Responses were ultimately produced in December 2019 and January 2020.

[5] The Court does not address the merits of the parties' substantive arguments, including whether the investigative materials are covered by the attorney-client privilege and work product doctrine.

than others, counsel have attempted to cooperate in these endeavors. With the (extended) dispositive motions' deadline having now arrived, and with trial on the horizon, counsel are strongly encouraged to renew their efforts to work together reasonably and professionally as this matter proceeds to conclusion.

B. Other Issues Raised by the Motion to Compel

1. Mediation

Plaintiff's request for sanctions is based, in part, on the County Defendants' untimely production of information concerning an excess insurance policy. The information that has been provided on that issue indicates that shortly before the filing of this matter, a senior staff attorney for the County provided Plaintiff's counsel with information regarding the County's excess insurance policy ("Policy"). The County Defendants' initial disclosures, which were served in February 2019, did not reference the Policy, however. The issue lay dormant for many months until, less than a week before the mediation in December 2019, a conversation with the mediator prompted Plaintiff's counsel to inquire with counsel for the County Defendants about the involvement of an insurance carrier.

Defense counsel advises that the County Defendants reconsidered their position regarding disclosure of the Policy and provided information to Plaintiff's counsel on or around December 13. Plaintiff's counsel was also advised, prior to the December 18 mediation, that the County Defendants did

not believe the Policy would be implicated and therefore did not plan to have a representative of the carrier participate in the settlement conference. While a copy of the Policy itself was not provided to Plaintiff's counsel until the mediation was underway, it also appears that Plaintiff did not object to the lack of involvement by an insurance representative.

The County Defendants' decision not to bring a representative of the carrier, or to seek prior approval from the mediator or the Court for the representative to be absent, notwithstanding the County Defendants' conclusion that the Policy should be disclosed after all, is concerning. The undersigned has carefully considered whether to direct the parties to engage in further mediation, this time involving a representative of the carrier and with the County Defendants paying the costs of the previous session.

However, as Plaintiff has not requested this relief[6] and in light of other circumstances, including Plaintiff's apparent lack of objection to the mediation proceeding without the involvement of an insurance representative and the time the parties may need for additional voluntary discovery prior to trial, further formal mediation will not be required.

---

[6] During the hearing, Plaintiff declined to identify any specific sanction being requested.

### 2. Request to Seal Insurance Policy

Along with the Motion to Compel, Plaintiff filed a copy of the Policy. (Doc. 32-12). The document is marked "confidential" pursuant to the protective order that has been entered in this case, and the County Defendants have suggested that it should be placed under seal. To the extent such a request is made in response to Plaintiff's Motion to Compel, it is not in compliance with the Local Rules and will be denied. See LCvR 7.1(c)(2). Should any party request that the Policy be sealed on the docket, such a request should be made in the usual course by separate motion pursuant to the Local Rules.

### 3. Future Deadlines

As noted, the parties remain free to engage in continued voluntary discovery. However, the dispositive motions deadline of January 28, 2020 remains in place and trial remains scheduled for May 2020.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion to Compel Disclosures and Discovery from Defendants Cleveland County, Brian Epley and Dorothea Wyant (Doc. 31) is **DENIED**. The parties' requests for sanctions are similarly **DENIED**.

2. To the extent the County Defendants request that the Policy be sealed, such motion is **DENIED WITHOUT PREJUDICE**.

Signed: January 23, 2020

W. Carleton Metcalf
United States Magistrate Judge