# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00292-MR-WCM

| | |
|---|---|
| SARA E. WILLIS,  )<br>)<br>　　　　　Plaintiff,  )<br>)<br>　vs.  )<br>)<br>CLEVELAND COUNTY, NORTH  )<br>CAROLINA, *sub nom.* CLEVELAND  )<br>COUNTY PUBLIC HEALTH  )<br>DEPARTMENT/ANIMAL CONTROL  )<br>SERVICES DIVISION; BRIAN EPLEY,  )<br>in his official capacity as the  )<br>Manager of Cleveland County;  )<br>DOROTHEA WYANT, individually  )<br>and in her official capacity as  )<br>"Health Director" of the Cleveland  )<br>County Health Department; SAM  )<br>LOCKRIDGE, individually and in  )<br>his official capacity as the former  )<br>Cleveland County General Services  )<br>Director and Supervisor of the  )<br>Cleveland County Animal Control  )<br>Division,  )<br>)<br>　　　　　Defendants.  )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** comes before the Court on the County Defendants'

Motion to Add Affirmative Defense and Amend Answer. [Doc. 43].

## I. BACKGROUND

On October 17, 2018, Sara E. Willis (the "Plaintiff") filed a Complaint against Cleveland County, Brian Epley ("Epley"), Dorothea Wyant ("Wyant" and with Cleveland County and Epley, the "County Defendants"), and Sam Lockridge ("Lockridge" and all together the "Defendants"), asserting several claims for violations of the Plaintiff's civil rights. [Doc. 1 at 21-54].[1]

The County Defendants filed their Answer with affirmative defenses on January 7, 2019. [Doc. 15]. That filing included a "Second Affirmative Defense" arguing that the Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Epley and Wyant should be dismissed because she "failed to bring a charge of unlawful discrimination before the U.S. Equal Employment Opportunity Commission ("EEOC") against Epley or Wyant." [Id. at 3].

On January 28, 2020, the County Defendants filed this Motion to Add Affirmative Defense and Amend Answer seeking to add a "Sixteenth Affirmative Defense" claiming that the Plaintiff's unlawful retaliation or unlawful disparate treatment claims under Title VII should be dismissed because she "failed to include claims of unlawful retaliation or unlawful

---

[1] The case was originally filed by the Plaintiff and her husband, Brian Willis. [Doc. 1]. On August 15, 2019, however, a stipulation of dismissal without prejudice was entered on behalf of Brian Willis. [Doc. 26]. As such, Brian Willis is no longer a party to this action.

disparate treatment in the charge of discrimination that she filed with the EEOC on October 17, 2017." [Doc. 42 at 2]. Defendant Lockridge consents to the County Defendants being granted leave for the purpose of amending their Answer to add their Sixteenth Affirmative Defense. [Doc. 42 at 2]. On February 11, 2020, the Plaintiff filed her opposition to the County Defendants' Motion. [Doc. 49]. On February 18, 2020, the County Defendants filed their reply. [Doc. 50].

The County Defendants also moved for summary judgment on the Plaintiff's claims on January 28, 2020. [Doc. 45]. In that motion, the County Defendants specifically argue that the Plaintiff's Title VII retaliation and disparate treatment claims "must be dismissed because Plaintiff failed to exhaust her administrative remedies before the EEOC." [Doc. 45 at ¶¶ 7, 9].[2]

## II. STANDARD OF REVIEW

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that, after the time period set forth in Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R.

---

[2] The Plaintiff filed an unopposed motion for an extension of time to respond to the County Defendants' motion on February 11, 2020, the day that the Plaintiff's response was due. [Doc. 48]. The Court granted the Plaintiff's motion by text order on February 11, 2020, giving the Plaintiff until February 18, 2020 to file her response to the County Defendants' motion for summary judgment. [Text-Only Order entered Feb. 11, 2020].

Civ. P. 15(a)(2). The Rule further provides that leave to amend shall be freely given "when justice so requires." Id. Therefore, absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a Court should grant a party leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Upon consideration of the County Defendants' Motion, the Court concludes that the proposed amendment to their Answer would not result in undue delay or prejudice to the Plaintiff. The County Defendants' Second Affirmative Defense already has given the Plaintiff ample notice that the County Defendants will argue that the Plaintiff failed to take the necessary administrative steps before the EEOC. [Doc. 15 at 3]. As such, there is little reason to suspect that that Plaintiff will incur substantial time or cost responding to a similar argument in the County Defendants' Sixteenth Affirmative Defense. Further, the fact that similar issues were already presented in the County Defendants' Second Affirmative Defense reduces the prejudice sustained by the motion to amend coming after discovery has ended.

Moreover, the Plaintiff has been granted an extension to file her opposition to the County Defendants' motion for summary judgment. [Text-

Only Order entered Feb. 11, 2020]. That extension gives the Plaintiff sufficient time to respond to the issues raised by the County Defendants' Sixteenth Affirmative Defense to the extent that she was not already planning to respond to those issues as part of her response to the County Defendants' motion for summary judgment.[3]

Further, the County Defendants' proposed amendment does not appear to be futile or made in bad faith. While the Plaintiff argues that the County Defendants motion is futile, [Doc. 49 at 9-10], a motion to amend an answer to state a new affirmative defense should be denied as futile only if proposed amendment is "clearly insufficient or frivolous on its face." Massie v. Bd. of Trustees, Haywood Cmty. Coll., 357 F. Supp. 2d 878, 884 (W.D.N.C. 2005) (Thornburg, J.) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 510-11 (4th Cir. 1986)). Because the Court finds and concludes that the County Defendants' proposed amendment is not clearly insufficient

---

[3] The County Defendants' Sixteenth Affirmative Defense is properly before this Court regardless of whether they filed a motion to amend their answer. The Fourth Circuit has found that "[a]bsent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion." Brinkley v. Harbour Recreation Club, 180 F.3d 598, 612 (4th Cir.1999) overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003). Here, the County Defendants raised their Sixteenth Affirmative Defense as part of their motion for summary judgment, [Doc. 45 at ¶¶ 7, 9], and the Plaintiff acknowledges that the Sixteenth Affirmative Defense "has already been raised in the summary judgment motion and is before the Court." [Doc. 49 at 7]. Given the lack of unfair surprise or prejudice as described above, the County Defendants' Sixteenth Affirmative Defense was properly raised in their motion for summary judgment.

or frivolous, the Plaintiff's arguments regarding the merits of the County Defendants' Sixteenth Affirmative Defense are better addressed towards opposing the County Defendants' motion for summary judgment. Accordingly, the Court will grant the County Defendants' Motion to Add Affirmative Defense and Amend Answer. [Doc. 43].

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the County Defendants' Motion to Add Affirmative Defense and Amend Answer [Doc. 43] is **GRANTED**. The County Defendants are directed to file their Amended Answer including their Sixteenth Affirmative Answer within seven (7) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: February 25, 2020

Martin Reidinger
United States District Judge