# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:18-cv-00292-MR-WCM

| | | |
|---|---|---|
| **SARA E. WILLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CLEVELAND COUNTY, NORTH** | ) | |
| **CAROLINA,** *sub nom.* **CLEVELAND** | ) | |
| **COUNTY PUBLIC HEALTH** | ) | |
| **DEPARTMENT/ANIMAL CONTROL** | ) | |
| **SERVICES DIVISION; BRIAN EPLEY,** | ) | |
| in his official capacity as the | ) | **MEMORANDUM OF** |
| Manager of Cleveland County**;** | ) | **DECISION AND ORDER** |
| **DOROTHEA WYANT,** individually | ) | |
| and in her official capacity as | ) | |
| "Health Director" of the Cleveland | ) | |
| County Health Department**; SAM** | ) | |
| **LOCKRIDGE,** individually and in | ) | |
| his official capacity as the former | ) | |
| Cleveland County General Services | ) | |
| Director and Supervisor of the | ) | |
| Cleveland County Animal Control | ) | |
| Division**,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on the Plaintiff Sara E. Willis'

Objection and Motion for Review or Reconsideration by the United States

District Court of the Order of the United States Magistrate Judge [Doc. 47],

the Plaintiff's Objection to Notice of Deposition of Zachary Lovelace [Doc. 56], and the Plaintiff's Objection to Notice of Deposition of Meda Dixon [Doc. 57].

## I. BACKGROUND

On October 17, 2018, Sara E. Willis (the "Plaintiff") filed a Complaint against Cleveland County, Brian Epley ("Epley"), Dorothea Wyant ("Wyant" and with Cleveland County and Epley, the "County Defendants"), and Sam Lockridge ("Lockridge" and all together the "Defendants"), asserting several claims for violations of the Plaintiff's civil rights. [Doc. 1 at 21-54].[1] Defendant Lockridge filed his Answer on December 14, 2018. [Doc. 12]. The County Defendants filed their Answer on January 7, 2019. [Doc. 15].

On February 6, 2019, the Court entered a Pretrial Order and Case Management Plan (the "CMO") in this action, setting a discovery deadline of November 11, 2019. [Doc. 17]. The Order states that "[m]otions to compel must be filed within the discovery period or they may be deemed waived." [Id. at 9]. The Order further states that:

> Discovery requests that seek responses or to schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may

---

[1] The case was originally filed by the Plaintiff and her husband, Brian Willis. [Doc. 1]. On August 15, 2019, however, a stipulation of dismissal without prejudice was entered on behalf of Brian Willis. [Doc. 26]. As such, Brian Willis is no longer a party to this action.

consent to extensions of the discovery completion
deadline so long as any such extension expires no
later than fourteen (14) days prior to the Trial Date
(as that term is defined in this Order). If a party
requests an extension of time to respond to discovery
requests or to extend the discovery deadline, the
result of consultation with opposing counsel must be
stated in the motion.

[Doc. 17 at 5].

On October 14, 2019, the County Defendants filed a Stipulation to Extension of Discovery Period, stating that the parties had stipulated to extend the discovery deadline through November 22, 2019. [Doc. 27 at 2]. The Defendants, however, did not request a modification of the CMO to reflect that stipulation, and the CMO was never modified to reflect that stipulation.[2] On November 21, 2019, the County Defendants filed a motion to amend the CMO, asking the Court to "extend the time within which the parties may file all motions . . . by thirty days, through and including Friday, January 10, 2020, and to extend the time within which the parties may engage in mediation by fifty-one days, through and including Friday, January

---

[2] Affidavits filed by Lockridge's counsel and the Plaintiff's counsel state that on October 9, 2019, the County Defendants' counsel asked to extend the discovery period to November 11, 2019, and he agreed to make the necessary filings. [Doc. 47-2 at ¶ 8]. Those affidavits state that on November 15, 2019, the County Defendants' counsel proposed that the discovery period should be further extended to December 20, 2019, and again agreed to make the necessary filings. [Id. at ¶ 11]. Those affidavits further state that on the County Defendants' counsel later asked to extend the discovery period to December 23, 2019. [Id. at ¶ 12].

17, 2020." [Doc. 28 at 3]. On November 25, 2019, the Honorable W. Carleton Metcalf, United States Magistrate Judge, entered an Order granting that motion, extending the motions deadline to January 17, 2020 and the mediation deadline to December 18, 2019. [Doc. 29]. The Magistrate Judge's Order specifically stated that "[a]ll remaining deadlines set by the Pretrial Order and Case Management Plan (Doc. 17) remain in effect." [Id. at 2].[3]

On December 23, 2019, the Plaintiff filed a Motion to Compel Disclosures and Discovery from the County Defendants. [Doc. 31]. On January 21, 2020, the Magistrate Judge conducted a hearing on that motion. On January 23, 2020, the Magistrate Judge issued an Order denying the Plaintiff's Motion to Compel as untimely. [Doc. 42].

On February 6, 2020, the Plaintiff filed an Objection and Motion for Review or Reconsideration by the United States District Court of the Order of the United States Magistrate Judge (Doc. 42) Filed 1/23/20. [Doc. 47]. On February 19, 2020, the County Defendants responded to that motion. [Doc. 53].

---

[3] Defendant Lockridge's counsel admits that he "did not check behind [the County Defendants' counsel] regarding making the appropriate filings . . .and did not realize that there was no filing reflecting [the new discovery deadline] until . . . the hearing on January 21, 2020." [Doc. 47-2 at ¶ 17]. Similarly, the Plaintiff's counsel claims that he was "duped . . . into complacency" by the County Defendants' counsel and never checked to ensure that the filings were made. [Doc. 47-3 at ¶ 19].

On February 10, 2020, the County Defendants issued notices and subpoenas for depositions of two non-parties, Zachary Lovelace and Meda Dixon. [Docs. 57-2; 57-3; 57-4; 57-5]. On February 24, 2020, the Plaintiff filed objections to the County Defendants' subpoenas of Zachary Lovelace and Meda Dixon because they were issued after the discovery period had ended. [Docs. 56; 57].

## II. DISCUSSION

### A. Objection to Magistrate Judge's Order Denying Motion to Compel

The Plaintiff objects to the Magistrate Judge's Order denying her Motion to Compel [Doc. 42], arguing that her Motion to Compel was timely filed because it was filed within the extended discovery period as agreed to by the parties. [Doc. 47].

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Walton v. Johnson, 440 F.3d 160, 173–74 (4th Cir. 2006).

"The case law of this District is clear that motions to compel generally must be filed by the close of the discovery period." Synovus Bank v. Karp, No. 1:10-cv-00172, 2013 WL 4052625, at *1 (W.D.N.C. Aug. 12, 2013); Surrett v. Consol. Metco, Inc., No. 1:11-cv-00106, 2012 WL 1340548, at *2 (W.D.N.C. Apr. 18, 2012) ("Generally, a party must move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely."); Anderson v. Caldwell County Sheriff's Office, No. 1:09-cv-00423, 2011 U.S. Dist. LEXIS 144517, at *3-4 (W.D.N.C. Dec. 14, 2011) (Howell, M.J.) (same); Rudolph v. Buncombe County Gov't, No. 1:10-cv-203, 2011 WL 5326187, at *2 (W.D.N.C. Nov. 4, 2011) (same).

While the Plaintiff argues that the parties stipulated to extend discovery past the original November 11, 2019 deadline, the Plaintiff also concedes that the parties never filed a request for an extension of the discovery deadline with the Court and that the Court never approved an extension of

the discovery deadline. [Doc. 47 at 5-6]. As such, the discovery deadline was always November 11, 2019, regardless of the parties' own agreements.[4]

The Plaintiff argues that the County Defendants' counsel "duped" the other parties by failing to request an extension of the discovery deadline when he moved for an extension of the motions and mediation deadlines. [Doc. 47-3 at ¶ 19]. The Plaintiff's counsel, however, could have filed a request to extend the discovery deadline. Moreover, the Plaintiff's counsel never checked the docket to ensure that the County Defendants' counsel moved for a formal extension of the discovery deadline. As such, the County Defendants' failure to file a request for an extension of the discovery deadline does not provide grounds for extending the discovery period.

Accordingly, the Plaintiff's Motion to Compel, which was filed on December 23, 2019, was untimely because it was filed after the discovery period had ended. [Doc. 17 at 9 ("Motions to compel must be filed within the discovery period or they may be deemed waived.")]. Because the Plaintiff's Motion to Compel was filed after the close of discovery, it was properly stricken by the Magistrate Judge. It appears from the record that neither side

---

[4] While the Plaintiff claims that the affidavit from Defendant Lockridge's counsel supports her position, that affidavit acknowledges that no one filed the "documents necessary to make the December 23, 2019 [date], enforceable." [Doc. 60 at 2 (quoting Doc. 47-2 at ¶ 24)].

took very seriously the deadlines imposed by this Court. No party should be surprised, however, that the Magistrate Judge enforced those deadlines. After all, they were more than mere suggestions. As such, the Magistrate Judge's Order is not clearly erroneous; it is consistent with this Court's prior Orders. Neither is it contrary to law. For these reasons, the Plaintiff has failed to meet her burden under Rule 72. See Synovus Bank, 2013 WL 4052625, at *1. Accordingly, the Plaintiff's Objections are overruled and the Magistrate Judge's Order denying the Plaintiff's Motion to Compel as untimely [Doc. 47] is affirmed.

### B.    Objection to Notices and Depositions

The Court turns next to the Plaintiff's Objection to Notice of Deposition of Zachary Lovelace [Doc. 56] and Objection to Notice of Deposition of Meda Dixon [Doc. 57]. The notices and subpoenas for the depositions of Zachary Lovelace and Meda Dixon were issued on February 10, 2020. [Docs. 57-2; 57-3; 57-4; 57-5]. Those depositions constitute involuntary discovery because the Plaintiff objects to them and does not appear to have ever agreed to them. While the Magistrate Judge's Order rightly allowed the parties to continue discovery by agreement, [see Doc. 42], the period for court-enforceable discovery ended on November 11, 2019, as discussed above. As such, the County Defendants' subpoenas will be quashed as

untimely. Accordingly, the Plaintiff's Objection to Notice of Deposition of Zachary Lovelace [Doc. 56] and Objection to Notice of Deposition of Meda Dixon [Doc. 57] are sustained and the subpoenas regarding those depositions are quashed.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection and Motion for Review or Reconsideration by the United States District Court of the Order of the United States Magistrate Judge (Doc. 42) Filed 1/23/20 [Doc. 47] is **OVERRULED**, and the January 23, 2020 Order of the Magistrate Judge denying the Plaintiff's Motion to Compel [Doc. 31] is **AFFIRMED.**

**IT IS FURTHER ORDERED** that the Plaintiff's Objection to Notice of Deposition of Zachary Lovelace [Doc. 56] and the Plaintiff's Objection to Notice of Deposition of Meda Dixon [Doc. 57] are **SUSTAINED**, and the subpoenas issued on February 10, 2020 regarding those depositions are **QUASHED**.

**IT IS SO ORDERED.**    Signed: March 4, 2020

Martin Reidinger
United States District Judge